UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) NO. 15-cr-10346-GAO |
| | ) |
| SEAN TRAHAN, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS INDICTMENT WITH PREJUDICE
FOR VIOLATION OF STATUTORY AND CONSTITUTIONAL
SPEEDY TRIAL RIGHTS (DOCUMENT 100)**

The government opposes defendant's Motion to Dismiss Indictment with Prejudice for Violation of Statutory and Constitutional Speedy Trial Rights (Document 100). The government agrees with defendant's analysis only to the extent he contends that more than 70 non-excludable days appear to have elapsed between the time the Court took the defendant's motions to suppress and to dismiss under advisement and the ruling on those motions. As discussed below, the remedy for this violation of the Speedy Trial Act (STA) should be dismissal without prejudice. All of the defendant's other arguments are without merit and should be rejected.

## Facts and Background

The defendant was indicted on November 12, 2015 and charged with one count each of Possession of Child Pornography and Knowing Access with Intent to View Child Pornography, both in violation of 18 U.S.C. § 2252A(A)(5)(B). He was arraigned on November 20, 2015. The magistrate judge handled all pretrial matters associated with the case until September 14, 2016, when the case was transferred to the District Court. All of the time preceding the transfer was excluded for STA purposes by an order of the magistrate judge.

On November 7, 2016, a status conference was held by this Court. There, the Court expressly noted that the intervening time until the next status conference would be excluded under the STA. The next status conference was scheduled to occur on January 5, 2017, but ultimately was continued to January 10, 2017 by motion of the parties.[1]

On February 21, 2017, the defendant filed a motion to suppress.[2] A hearing was held on the motion 351 days later, on February 7, 2018.[3] At that hearing, the Court said it would take the motions under advisement. There was no discussion of excluding time, nor were any issues left to be addressed in post-hearing motions. A decision on the motion was issued 146 days later, on July 3, 2018.

Nine days later, a third status conference was held. At that conference the court stated that the time between then and the November 26, 2018 trial date would be excluded under the STA "to accommodate, among other things, discovery requests by the defendant." On October 19, 2018, the defendant filed an assented to motion to continue the trial date, citing a need for the defense to review additional discovery provided by the government, possibly with the assistance of an expert, and consider filing a motion to compel additional discovery. Document 90. The Court allowed this motion on November 13, 2018 and rescheduled the trial for February 25, 2019. Doc. 94. On February 7, 2019, the Court entered an electronic order concerning pretrial filings. Doc. 96. The

---

[1] The government does not have a transcript of this status conference, but any issue over exclusion of time would be immaterial in light of the non-excludable period after the dispositive motions were under advisement.

[2] The defendant also filed a motion to dismiss on February 27, 2017. However, the filing of that motion does not affect the calculation of excludable time under § 3161(h)(1)(D) because, at that point, the STA was already tolled by the filing of the earlier motion and both motions were taken under advisement at the conclusion of the February 7, 2018 hearing.

[3] All 351 days between the filing of the motion and the hearing are excluded under § 3161(h)(1)(D). See, e.g., United States v. Ibrahim, 814 F.3d 30, 32-33 (1st Cir. 2016) (excluding 344-day period between filing of the defendant's pretrial motion and the hearing on the motion).

same day, the defendant filed an assented to motion to stay the deadlines for pretrial filings, and on February 14, 2019, he filed this motion to dismiss.

## Argument

**A. Violation of the Speedy Trial Act Should Result in Dismissal Without Prejudice**

The Speedy Trial Act ("STA") requires that a defendant be tried within seventy days of the filing of the indictment or information, or the defendant's first appearance before the court, whichever occurs last. 18 U.S.C. § 3161(c)(1). If trial does not commence within the seventy-day period, "the information or indictment shall be dismissed on motion of the defendant," with or without prejudice according to the discretion of the court. 18 U.S.C. § 3162(a)(2).

In computing the seventy-day period, the STA excludes certain periods of reasonable delay. § 3161(h). Three of those exclusions are particularly relevant to this case: (1) delay resulting from the filing of a pretrial motion, § 3161(h)(1)(D); (2) up to thirty days where a matter is "actually under advisement by the court," § 3161(h)(1)(H); and (3) continuances to serve the ends of justice, § 3161(h)(7)(A).

Delay resulting from any pretrial motions is automatically excluded by the STA. § 3161(h)(1)(D). This exclusion encompasses the period "from the filing of the motion through the conclusion of the hearing on, or prompt disposition of, such motion." Id. In instances where a hearing is required, the period of exclusion is unrestricted and "include[s] the time between the filing of the motion and the hearing on the motion, and the period of time to obtain additional filings needed for disposition of the motion." United States v. Scott, 270 F.3d 30, 56 (1st Cir. 2001). Thereafter, the period of delay excludable under § 3161(h)(1)(D) ends, and the motion is considered under advisement by the court. If a hearing is not required, the STA is tolled until the

"prompt disposition" of the motion, which ordinarily cannot exceed the thirty-day period established in § 3161(h)(1)(H). United States v. Barnes, 159 F.3d 4, 11-12 (1st Cir. 1998).

Under 3161(h)(1)(H), delay resulting from a period, not to exceed thirty days, "during which any proceeding concerning the defendant is actually under advisement by the court" is automatically excluded. Any time in excess of the thirty-day maximum is considered unexcused. See Scott, 270 F.3d at 57 (concluding the district court had violated the STA by taking the motion under advisement for 124 days).

Finally, a court may exclude delay resulting from continuances "on the basis of [the court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). This exclusion is not automatic; rather the court must "set[ ] forth, in the record of the case, either orally or in writing, its reasons" for granting an ends-of-justice continuance. Id. Such a finding must be entered in the record, at the latest, by the time the court rules on a defendant's motion to dismiss under § 3162(a)(2). Zedner v. United States, 547 U.S. 489, 507 (2006).

The government agrees that there are more than 70 days that have not been excused under the STA in this case. The bulk of these days stem from the 146-day period during which the defendant's pretrial motions were under advisement by the Court. Only thirty days from that period can be excluded under § 3161(h)(1)(H). As such, there are a total of 116 unexcused days resulting from the court's consideration of the motions.

1. **Retrospective Exclusion of Delay**

In United States v. Scott, the First Circuit left open the possibility that "a district court may . . . exceed the time limits in the STA [for deciding on a motion] and then justify it after the fact." 270 F.3d 30, 57 (1st Cir. 2001). The court further noted that a set of facts "involving an express

and proper invocation of [an ends-of-justice continuance], may support such an action." Id. The government has been unable to identify an express and proper invocation of an ends-of-justice continuance to exclude the time after the dispositive motions were under advisement.

Section 3161(h)(7)(A) requires that a district court "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Though the Supreme Court has recognized that these findings need not be articulated in the record at the time the continuance is granted, it has said that the "findings must be made, if only in the judge's mind, before granting the continuance." Zedner, 547 U.S. at 506-07. Thus, an express and proper invocation of § 3161(h)(7)(A) would, at the very least, require evidence in the record that the Court had weighed the relevant factors – e.g., whether failing to grant a continuance would deny the parties' adequate time to prepare or would unreasonably deny the defendant the opportunity to obtain counsel – prior to granting the continuance. See United States v. Barnes, 251 F.3d 251, 256 (1st Cir. 2001) ("[T]he trial court ordinarily must elucidate its reasons for approving such a continuance, save for cases in which those reasons are readily apparent from the circumstances" (citations omitted)).

For example, in United States v. Carpenter, the First Circuit upheld an ends-of-justice continuance granted by the district court where the reasons for the continuance were implicit in the record. 781 F.3d 599, 618-19 (1st Cir. 2015). There, the district court had noted that the time would be excluded under the STA at the conclusion of the status conference, but did not expressly state its reasons for excluding the time. Id. at 619. Those reasons were not set forth in the record until the court's decision on the defendant's motion to dismiss some time later. Id. Nonetheless, the First Circuit concluded that the continuance was valid because the record from the status

conference clearly demonstrated "that the district court balanced counsels' schedules with the public's interest in a speedy trial, and thus its decision represents a determination that granting a continuance served the ends of justice." Id.  During the conference, the defendant's counsel had indicated that he would be unavailable to try the case within the time limits set by the STA and requested scheduling of the trial be delayed until a later status conference.  Id.  The court had rejected this request and set the trial date at a time earlier than the defense had requested, but later than that permitted by the STA.  Id.  In light of this evidence, the First Circuit concluded that the court had appropriately weighed the factors prior to granting the continuance, though the reasons for the continuance were not made explicit until later.  Id.

In this case, the record of the hearing on the dispositive motions includes no reference to the STA or excludable time by the parties or the Court.  It also contains no implicit evidence to suggest that the Court considered the factors set forth in § 3161(h)(7)(B).  For instance, the Court did not inquire after the parties' schedules or any outstanding issues, such as discovery, which had previously served as a basis for an ends-of-justice continuance; nor did the parties raise any such issues.

   **2. Remedy for the Violation**

The remedy for a violation of the STA is dismissal of the indictment or information with or without prejudice at the discretion of the court.  § 3162(a)(2) and (a)(3).  In making this determination, the STA directs the court to consider at least three factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."  Id.  Additionally, courts in the First Circuit are instructed to consider whether the delay resulted in actual prejudice to the defendant.  Barnes, 159 F.3d at 16.  Dismissal with prejudice should be "a

last and rare resort." United States v. Dessesaure, 556 F.3d 83, 85 (1st Cir. 2009). In this case, all four factors support a dismissal without prejudice.

First, the defendant is charged with a serious offense serious carrying substantial penalties. See United States v. Benoit, 2014 WL 793572, at *6 (D. Mass. Feb. 25, 2014) (concluding possession of child pornography is a serious offense, weighing in favor of dismissal without prejudice). The penalties are heightened in this case because the defendant has a prior conviction for possession of child pornography.

Second, the facts and circumstances of the case that led to the delay do not show any bad faith on the part of the prosecution and weigh heavily in favor of dismissal without prejudice. See Scott, 270 F.3d at 57 (finding dismissal without prejudice was appropriate under similar circumstances). This case arose from a nationwide investigation that used a novel investigative technique to identify child pornography offenders. Since the evidence seized as a result of the execution of the search warrant on the defendant's home was very strong, including admissions made by the defendant when interviewed, the main focus of the pretrial proceedings in this case was the motion to suppress, since that would likely be dispositive of the case. As the defendant concedes in his motion to dismiss, the motion to suppress, which filed on February 21, 2017, remained pending while the parties and the Court awaited the First Circuit's decision on relevant issues – actually, the same issues – in United States v. Levin, 874 F.3d 316 (1st Cir. 2017), which was issued on October 27, 2017. After that, the defendant did not file his supplemental memorandum until January 25, 2018, and the Court held the hearing promptly thereafter on February 7, 2018. (Motion at 5). The issues involved in this motion to suppress were complex, and it was reasonable that they could not be resolved within thirty days after the hearing.

The defendant makes much of the fact that the government did not send its typical automatic discovery letter at the beginning of the case. While the government should have followed its usual practice in this case, the fact remains that the defendant did receive some of the discovery that he would have received with such a letter. See Motion at 2 discussing government's production of reports of interview in connection with probable cause hearing. Additionally, since the search warrant at issue in this case was one that had been litigated in other cases, those search warrant materials were a matter of public record or available from other defense counsel, and they were evidently available to the defendant in this case because they were attached to his motion to suppress. These same search warrant materials that were already in the defendant's possession make up the bulk of what the government produced to the defendant in September 2018. While it is true that the defense sent more than one request for the usual automatic discovery letter, it is simply wrong to suggest that the delay at issue in this case was caused by the government's lack of responsiveness to this issue or that the defense "had little choice but assent to exclusions of time and seek continuances" due to the government's delay in producing automatic discovery. (Motion at 10). The defendant could have filed a motion to compel such discovery if that had been its focus. The defendant cannot seriously claim that the Local Rules preclude such a motion. The provisions cited by the defendant merely say that such motions are no longer necessary and should not be filed in the first instance since the discovery should be provided pursuant to the rules.

The defendant also blames the government for not reminding the Court of the impending speedy trial deadline. While this would have been preferable, the fact remains that the onus to do so does not rest solely on the government. The defendant was as well-placed to remind the Court as was the prosecution. See Dessessaure, 556 F.3d at 86.

The defendant's failure to file this motion until the last minute also bears consideration under the second factor. The government was actually the first to identify the speedy trial issue in this case at the status conference on September 24, 2018. Nevertheless, the defendant did not file this motion until February 14, 2019, less than two weeks before the scheduled trial date. See United States v. Worthy, 772 F.3d 42, 47 (1st Cir. 2014), citing United States v. Barnes, 159 F.3d 4, 17 (1st Cir. 1998) (dismissal with prejudice unwarranted where "[d]efendant never raised the speedy trial claim until the last possible moment").

Third, under these circumstances, the administration of justice would not be impaired by re-prosecution nor would the administration of the STA. The First Circuit has explained that "the strongest argument against re-prosecution is prejudice to the defendant – most importantly, loss of witnesses or other impediments to obtaining a fair trial at a later date." Dessesaure, 556 F.3d at 86. There is no evidence in this case that such prejudice would occur if the case was dismissed without prejudice. Nor is there any other evidence suggesting that re-prosecution would have a deleterious effect on the administration of justice.

Similarly, dismissal without prejudice would not have an adverse impact on the administration of the STA. The defendant acknowledges the case law from the First Circuit and the Supreme Court that dismissal without prejudice is not a "toothless sanction," Motion at 11, quoting Barnes, 159 F.3d at 18, quoting United States v. Taylor, 487 US. 326, 503 (1988), but he argues that in this case such a dismissal would carry no real cost because there is no statute of limitations for child pornography offenses and no real chance of failure to re-indict. (Motion at 11). This argument, which suggests that dismissal with prejudice is the only effective remedy under circumstances such as these, flies in the face of the First Circuit's decisions upholding dismissal without prejudice for STA violations. See, e.g., Dessessaure, 556 F.3d at 85 (Speedy

Trial Act "would not long survive if administered to turn routine slips into permanent immunity for a defendant who may be quite dangerous"); Scott, 270 F.3d at 58 (concluding that dismissal was deterrence enough where government did not act in bad faith).

Fourth, there is no evidence that the defendant suffered actual prejudice from the delay. In Barnes, the First Circuit noted that delay "more than twice the extent statutorily permissible" might, on its own, suggest actual prejudice. 159 F.3d at 18. However, it concluded that there was no prejudice under the particular circumstances of the case because the defendant "never once claimed that the delay adversely affected her ability to prepare for trial, much less articulated any facts suggesting how she was actually prejudiced by the tardy trial date." Id. See also Scott, 270 F.3d at 58 (finding that defendant had suffered no prejudice where he had never asserted the delay had affected his ability to prepare for trial in any way). Similarly, in this case, the defendant has never once objected to the delay or suggested it would adversely affect his ability to prepare for trial.[4] Furthermore, unlike in other cases in which dismissal without prejudice has been upheld, the defendant has not been detained during the pendency of pretrial proceedings. Cf. Worthy, 772 F.3d at 47 (noting that while defendant had been deprived of his liberty for a significant period of time while awaiting trial, he failed to demonstrate prejudice where there was no evidence that any witnesses had died or left the country, that documents had been destroyed, or that the delay was so long as to materially affect memories of the relevant events. On the contrary, the defendant, who faces a mandatory minimum 10 years in prison after conviction, could be seen to have benefitted by remaining at liberty throughout the delay in the proceedings. Thus, all four factors weigh in favor of dismissal without prejudice.

---

[4] Having filed an assented to motion to continue the trial date in order to review the government's additional discovery, including a forensic review of NIT-related material made available by the government, possibly with the assistance of an expert, the defense has not to date availed itself of that opportunity.

**B. There was No Sixth Amendment Violation**

The defendant similarly fails to demonstrate any violation of his sixth amendment right to a speedy trial. While the defendant correctly identifies the four factors to be considered on such a motion as: length of delay, reason for the delay, the defendant's assertion of his right, and prejudice to the defendant, United States v. Irizarry-Colon, 848 F.3d 61, 67 (1st Cir. 2017), his assessment of these factors represents a strained attempt to fit the facts of this case into those finding a constitutional violation.

As to the first factor, the defendant notes that the delay in this case is presumptively prejudicial, which simply serves as a triggering mechanism, see United States v. Souza, 749 F.3d 74, 82 (1st Cir. 2014). The defendant makes no attempt, however, to argue that the delay in this case, while lengthy, weighs in favor of a finding of a constitutional violation.

The second factor, reason for the delay, may be a focal inquiry as the court said in Souza, id., but that was in the context of determining whether the government or the defendant is to blame for the delay. Id. In an attempt to cast the government as the cause of the delay, the defendant again points to the government's delay in providing certain discovery. In fact, that had nothing to do with the number of non-excludable days in this case. The overall length of delay in this case was primarily due to the agreement among the parties and the Court to wait for the First Circuit's decision in Levin. The material delay for purposes of the STA came after the defendants' dispositive motions were under advisement, and during that period the failure to note the running of the speedy trial clock was as much the defendant's responsibility as the government's. Indeed, throughout this case, the defendant has not "behave[d] like [someone] who wanted [his] day in court *posthaste*"). Barnes, 159 F.3d at 17.

The third factor, the defendant's assertion of the right, clearly cuts against the defendant's argument.  See Worthy, 772 F.3d at 49, citing United States v. Henson, 945 F.2d 430, 438 (1st Cir. 2014) (defendant did not demonstrate "adequate alacrity in asserting a request for a speedy trial," revealing a "lack of enthusiasm for the [speedy trial] right which [he] now assert[s]" (alteration in original) (internal quotation marks omitted).  His claim that he could not responsibly have done so before receiving automatic discovery and that he was barred by the Local Rules from filing a motion to compel borders on the frivolous.  As discussed above, the Local Rules do not bar a defendant from filing a motion to compel discovery that has not been provided under the Rules, and there is nothing in the Local Rules precluding a defendant from asserting his statutory or constitutional speedy trial rights.

Finally, as discussed fully above, the defendant has suffered no actionable prejudice from the delay in this case, and therefore the fourth factor cuts against his argument as well.  See Dessessaure, 556 F.3d at 86.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the indictment with prejudice should be denied.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:

/s/ *James D. Herbert*
James D. Herbert
Assistant U.S. Attorney

Dated: February 28, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

>/s/ *James D. Herbert*
>James D. Herbert
>Assistant United States Attorney

Date: February 28, 2019