UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 15-10346-GAO

UNITED STATES OF AMERICA,

v.

SEAN TRAHAN,
Defendant.

OPINION AND ORDER
December 31, 2019

O'TOOLE, S.D.J.

The defendant, Sean Trahan, is indicted for one count of possession of child pornography and one count of knowing access with intent to view child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The charges arise from an FBI investigation into users of a child pornography website "Playpen" and the FBI's use of a network investigative technique ("NIT") that relayed identifying information about a Playpen user to the FBI when the user logged on to the site. The defendant has moved to dismiss his indictment with prejudice, contending that his right to a speedy trial was violated for two separate reasons. First, he points out that more than seventy non-excludable days elapsed between the hearing and the decision on his dispositive motions in violation of the Speedy Trial Act. Second, he argues that the elapse of three years between his arrest and the filing of his present motion to dismiss itself amounts to a violation of his Sixth Amendment right to a speedy trial.

**I.**     **Speedy Trial Act**

With respect to the Speedy Trial Act, the parties agree that a technical violation occurred because more than seventy non-excludable days elapsed between the hearing and decision on the

defendant's Motion to Suppress and Motion to Dismiss and that dismissal of the indictment is therefore appropriate, see 18 U.S.C. § 3161(c)(1), (h)(1)(H), but they disagree about whether the dismissal should be with or without prejudice, id. § 3162(a)(2).

In determining whether to dismiss the indictment with or without prejudice, this Court considers the seriousness of the charged offenses, the facts and circumstances leading to the delay, the impact of a reprosecution on the administration of justice and the enforcement of the Speedy Trial Act, and whether the delay resulted in actual prejudice to the defendant. Id.; United States v. Barnes, 159 F.3d 4, 16 (1st Cir. 1998). Dismissal with prejudice is "a last and rare resort." United States v. Dessesaure, 556 F.3d 83, 85 (1st Cir. 2009).

Here, the balance of the factors weighs in favor of dismissal without prejudice.

First, the defendant is charged with serious offenses with serious potential penalties. See, e.g., United States v. Benoit, Criminal Action No. 12-30014-JLT, 2014 WL 793572, at *6 (D. Mass. Feb. 25, 2014).

Second, the facts and circumstances of the delay do not cry out for dismissal with prejudice. The subject delay is attributable to the Court's consideration of the defendant's motions. That may in some circumstances weigh in favor of granting a dismissal with prejudice. See United States v. Ramirez, 973 F.2d 36, 38–39 (1st Cir. 1992). However, the passage of time was not the result of "administrative oversight" or neglect. Id. at 39. Rather, the defendant's motions questioned the FBI's use of a novel investigative technique implicating complex issues of law that were, and continue to be, the subject of controversy and litigation around the country. During the time between the hearing and the decision, there were developments in the case law regarding the government's use of the NIT warrant, and at least including one case upon which the Court relied in its decision was pending on appeal before the First Circuit. See United States v. Anzalone, 923

F.3d 1 (1st Cir. 2019); United States v. Anzalone, 221 F. Supp. 3d 189 (D. Mass. 2016); Anzalone, 208 F. Supp. 3d 358 (D. Mass. 2016). Indeed, the defendant himself had requested extensions of the deadline for him to file his motions based upon the "backdrop of developing case law around the country surrounding the FBI's use of [the NIT] in this and other cases," and "complexity of matters at issue (and proliferation of court decisions about those issues)."[1] (Def.'s Assented-To Mot. for Extension of Time in Which to File Mots. 1 (dkt. no. 59); Def.'s Assented-To Mot. for Extension of Mot. Deadlines 1 (dkt. no. 62).)

Third, the impact of likely reprosecution of the defendant is not a reason for dismissal with prejudice. The case was already set for trial, and reprosecution would not likely be lengthy since substantive and procedural rulings affecting a trial would not have to be revisited in any protracted way. There is no indication that a reprosecution would "in some other way have a harmful effect on 'the fair and efficient administration of justice.'" See United States v. Scott, 270 F.3d 30, 58 (quoting Barnes, 159 F.3d at 17).

Finally, the defendant has not shown that any delay resulting from reprosecution would prejudice him. He has not been held in custody during the pendency of the case, but rather has been on pretrial release. His conditions of release, and his anxiety about his prosecution, are not inconsequential, but they are also not out of the ordinary. Cf. United States v. Santiago-Becerril, 130 F.3d 11, 23 (1st Cir. 1997); United States v. Henson, 945 F.2d 430, 438 (1st Cir. 1991). Further, it is significant that he has not pointed to any ways in which his defense is impaired, such as the loss of witnesses or other evidence, nor any ways in which the government has gained any tactical advantage by reason of the delay.

---

[1] Additionally, two days before the hearing date on the defendant's motions, the defendant sought a continuance in part to provide a supplement to the Court regarding developing NIT-related First Circuit case law.

## II.  Constitutional Speedy Trial Right

The defendant also contends that the "aggregate delay of more than three years" between his arrest and the filing of his present motion amounts to a violation of his Sixth Amendment right to a speedy trial. (Def.'s Mot. to Dismiss Indictment 12 (dkt. no. 100).) The Supreme Court has identified four factors that courts should assess when considering whether a defendant has been deprived of the right to a speedy trial: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972).

With respect to the first factor, a trial delay of one year or more is generally deemed "presumptively prejudicial" and triggers inquiry into the remaining factors. Doggett v. United States, 505 U.S. 647, 652 n.1 (1992). Here, the three years that elapsed between arrest and the defendant's motion "crossed the threshold dividing ordinary from presumptively prejudicial delay" and "trigger[s] further Sixth Amendment review." United States v. Souza, 749 F.3d 74, 82 (1st Cir. 2014) (quotations omitted); accord Doggett, 505 U.S. at 652–53 & n.1. Nonetheless, other than arguing that the time interval triggers examination of the remaining factors, the defendant makes no argument as to how the passage of that interval of time is in itself significant. As noted above, he does not point to any specific way that he has been disadvantaged by the length of the delay.

Second, the reasons for the delay weigh against the defendant. The period that has elapsed is primarily attributable to ordinary pretrial procedures, the defendant's own pretrial motions, and numerous requests for continuances made either by the defendant himself or with his assent. (See, e.g., Def.'s Assented-To Mot. to Continue Detention Hr'g (dkt. no. 7) (counsel needed additional time prior to detention hearing); Def.'s Assented-to Mot. to Continue Status Conference (dkt. no.

25) (counsel unavailable); Def.'s Assented-To Mot. to Continue Status Conference (dkt. no. 38) (counsel unavailable); Def.'s Mot. to Continue Status Conference (dkt. no. 44) (counsel unavailable); Def.'s Assented-to Mot. to Continue Status Conference (dkt. no. 53) (gov't counsel unavailable and no objection raised by defendant); Def.'s Assented-To Mot. to Continue Status Conference (dkt. no. 56) (counsel unavailable); Def.'s Assented-To Mot. for Extension of Time in Which to File Mots. (counsel requesting extension of deadline to file motions to suppress, dismiss, and compel in light of "backdrop of developing case law around the country surrounding the FBI's use of [the NIT]"); Def.'s Assented-To Mot. for Extension of Mot. Deadlines (counsel requesting extension of time to file motions because of weather, school vacation week, and the "complexity of matters at issue (and proliferation of court decisions about those issues)"); Def.'s Assented-To Mot. to Continue Mot. Hr'g (dkt. no. 69) (counsel unavailable and seeking to file supplemental memorandum to update Court about developing case law about the NIT); Def.'s Mot. to Accept Suppl. Mem. *Instanter* (dkt. no. 72) (requesting court to accept late filing of supplemental memorandum in support of his motion to suppress); Status Conf. Tr., July 12, 2018 (trial date scheduled for November 2018 with assent of defendant) (dkt. no. 84); Def.'s Assented-To Mot. to Continue Trial Date (dkt. no. 90) (requesting a continuation of trial date from November 2018 to February 2019 to review discovery and avoid imperiling eligibility for full acceptance-of-responsibility credit in the event of plea); Assented-To Mot. to Stay Pretrial Filing Deadlines (dkt. no. 98) (requesting stay of pretrial filing deadlines to draft motion regarding Speedy Trial Act and, in the alternative, to review discovery).) While the motions to suppress and dismiss were ripe and pending before the Court for a longer period than is desirable, there is no indication on the docket

that the defendant affirmatively sought a hastier response by the Court.[2] Further, the defendant does not argue that the time interval is the result of bad faith by the government. The defendant's recently made new objection to the timeliness of the government's discovery is not well taken considering the lack of prior protest.

Third, the defendants' failure to assert his right to a speedy trial until the eve of trial cuts against him. "A defendant should give some indication, prior to his assertion of a speedy trial violation, that he wishes to proceed to trial.'" United States v. Trueber, 238 F.3d 79, 89–90 (1st Cir. 2001) (quotation omitted). Prior to this motion, the defendant appears to have given no indication of his desire to proceed to trial. In fact, on July 12, 2018, the Court set a trial date of November 26, 2018 without any protest by the defendant.[3] Three months after that date was set, the defendant moved to continue the trial until February 2019 to permit time to review discovery and to evaluate whether a motion to compel production of further discovery would be warranted. Nowhere in that motion did the defendant raise any concern about his speedy trial rights. Instead, he suggested that trial would be "ultimately unlikely" and appeared concerned that the government would soon commence trial preparation, "imperil[ing] the defendant's eligibility for full acceptance-of-responsibility credit in the event of a plea." (Def.'s Assented-To Mot. to Continue Trial Date 1.) The defendant did not raise the issue until February 7, 2019, after the Court had set deadlines for filing trial materials and only a few weeks before the trial date of February 25, 2019. His failure to request a speedy trial until that late hour weighs against him.

---

[2] As noted above, the defendant himself recognized the complexity of the issues and the significant amount of litigation around the country about those issues.

[3] Rather than pushing for an earlier trial date, counsel indicated he had a different trial scheduled before the Court in September 2018 and alluded to the possibility of discovery-related motions regarding issues that had been "tabled" while the motions were pending, both suggesting that the defendant sought *more* time, not less, before the commencement of trial. (Status Conf. Tr. 3–4, July 12, 2018.)

Finally, as discussed above, the defendant has not been prejudiced where he either sought or acquiesced in the delays. He has not been subjected to oppressive pretrial incarceration, has not experienced undue or unusual pressures, and has not been impaired in his defense. See Barker, 407 U.S. at 532.

Weighing all four factors, particularly in light of the defendant and counsel's role in the delays, the defendant's failure to assert a speedy trial right until the eve of trial, and the lack of any substantial actual prejudice to him or his ability to defend himself, the three-year period of time that elapsed between the defendant's arrest and the filing of his motion to dismiss does not amount to a constitutional violation. Relief on the basis of the Sixth Amendment is not warranted.

## III.   Conclusion

For the foregoing reasons, the defendant's Motion to Dismiss is GRANTED to the extent that the indictment is dismissed for violation of the Speedy Trial Act, but the dismissal is WITHOUT PREJUDICE.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge